WILLIAM SMITH, Respondent, v. REBECCA SMITH'S ESTATE; T. M. BRINKLEY, Appellant.

### Kansas City Court of Appeals, May 25, 1908.

ADMINISTRATION: Allowance of Demand: Administrator Pendente Lite: Appeal Bond. When an administrator presents a claim against the estate of his decedent and the probate court appoints a suitable person to appear and manage the defense, such appointee has the right of appeal from the judgment of such court and is not required to give bond.

Appeal from Linn Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*Bresnehen & West* for appellant.

(1) The bond the statute requires on appeal from probate courts in matters of administration, and the bond that plaintiff insists upon in the case at bar, is one conditioned that the appellant "will prosecute the appeal, and pay all debts, damages and costs that may be adjudged against him." (2) Now, if the bond insisted upon is one to bind the estate, it is altogether unnecessary; for the plaintiff, as the administrator, is already in possession of the entire estate. If its purpose is to bind the administrator *pendente lite* personally, then the reasons why he should not be required to give it are even stronger. R. S. 1899, secs. 205, 281; In re Kahn's Est., 18 Mo. App. 426.)

*E. R. Stephens* and *A. W. Mullins* for respondent.

(1) No bond for an appeal having been given the appeal was unauthorized and improperly granted, and did not confer jurisdiction upon the circuit court to try the case anew. R. S. 1899, sec. 205; R. S. 1899, sec. 278; R. S. 1899, secs. 280, 281; Green v. Castello, 35 Mo. App. 127; Corbin v. Laswell, 48 Mo. App. 626; Harrington v. Evans, 49 Mo. App. 372.

BROADDUS, P. J.—The plaintiff is the regularly appointed and acting administrator of the estate of Rebecca Smith, deceased. At the November term, 1905, of the probate court of Linn county he presented a demand for allowance against the estate of the deceased consisting of matters of account amounting to $1,275.31 and a promissory note for $900. On the presentation of this demand the court appointed C. H. Lamar to appear and manage the defense who waived notice of presentation of the said demand. Before the cause was finally tried Lamar became a non-resident of the State and filed his resignation. The court then appointed the defendant to act in his place. The cause was heard and the plaintiff obtained judgment for the sum of $2,568.40. The defendant appealed the cause to the circuit court but failed to give any appeal bond. On motion of the plaintiff the court dismissed the appeal because of the failure of defendant to give such bond, and defendant appealed to this court.

The only question for our consideration is, whether the defendant acting by appointment of the court to defend the estate against a claim by the regular appointed and acting administrator was required to give bond. Under the law of administration an administrator is not required to give bond, when he appeals from a judgment of the probate court. [R. S. 1899, sec. 281.] Appeals are allowed from the decisions of a probate court on judgments as to certain matters mentioned in sec-

tion 278, idem, which right is also by said section extended "to any heir, devisee, legatee, creditor or other person interested in the estate under administration." Section 284 provides that such appellant shall file an appeal bond. The contention of the plaintiff is that the appointment of the defendant to defend against the demand presented for allowance against the estate did not constitute him administrator in any sense whatever, as no estate came into his hands; and that he was neither administrator, *pro tempore* nor *pendente lite,* but merely a suitable person appointed "to appear and manage the defense."

The appellant does not come within the description of persons who are allowed appeals from the orders and judgments of probate courts unless he may be said to be an administrator. We have been unable to find any adjudication on the question and have been referred to none. In the first place it is plain that there was no necessity for such bond in order to secure the plaintiff in the payment of his demand in the event that the judgment would be affirmed on appeal, for the plaintiff as administrator would have the funds of the estate if any in his own hands to pay his demand. In the second place it would be unreasonable to require defendant who had no personal interest in the controversy to bind his own estate by a bond for the payment of the demand in any contingency. The purpose of the statute in such cases is to have the estate represented by some suitable person to defend against such demands. If such person so appointed is satisfied that the estate has been prejudiced by the judgment of the probate court, he ought to be permitted the right of appeal, but if he is required to give an appeal bond pledging his own estate it is not reasonable to suppose that he would exercise such right. This appointment would, under such circumstances, limit his duty to making a defense in the probate court. This would not answer the purpose of his appointment

unless we are to conclude that the statute only intended that he should act as defendant in the probate court. But we are satisfied that under the statute by virtue of his appointment he had a right to appeal and defend against the claim in the circuit court, and in this court also. He represented the estate in the place of the administrator and as a substitute for him and was in fact administrator so far as the matter in controversy was concerned.

Had the statute denominated him administrator *pendente lite* there could be no question as to his right of appeal. His position was impressed with all the duties of such a representative. It only lacks the name. The probate record shows that he was dubbed administrator *pro tempore* at one time and administrator *pendente lite* at another. We think his office was properly designated. If he was acting as administrator in fact as we believe he was, he had the same right as the administrator had to appeal from a judgment against the estate. The right of appeal in such cases is not a personal right of the administrator, but a representative right and this right the defendant had by virtue of his appointment. Reversed and remanded. All concur.